UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| K-TEX, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>CINTAS CORPORATION<br><br>Defendant. | Civil Action No.: 15-CV-10089 |

**NOTICE OF REMOVAL OF DEFENDANT CINTAS CORPORATION**

Defendant Cintas Corporation ("Cintas"), pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. Cintas states, by and through undersigned counsel, the grounds for removal as follows:

1. Plaintiff K-Tex, LLC ("K-Tex") commenced this civil action in the Supreme Court of the State of New York, New York County, Index No. 652831/15. This is a civil action removable pursuant to 28 U.S.C. §§ 1441. The United States District Court for the Southern District of New York embraces the place where the action is pending.

2. Upon information and belief, K-Tex is a Nevada limited liability company formed under the laws of Nevada with its principal place of business in Tennessee.

3. Defendant Cintas is a corporation incorporated under the laws of Washington with its principal place of business in Ohio.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. §§ 1332. The complaint seeks a money judgment of approximately $1,000,000 in compensatory damages; in addition to compensatory damages the complaint seeks pre-judgement interest and collection costs.

5. This notice of removal is filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based, to wit: defendant Cintas was served with a copy of the Summons and Complaint on December 11, 2015.

6. A copy of all process, pleadings, and orders served upon defendant is attached.

WHEREFORE, Defendant respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, they have removed this action from the Supreme Court of the State of New York, New York County.

Dated: December 30, 2015

Respectfully submitted,

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

By: ______________________
Edward Pinter
Michael Sabino

Wall Street Plaza
88 Pine Street
New York, New York 10005
Tel.: (212) 269-4900
*Attorney for Defendant Cintas Corporation*




CORPORATION SERVICE COMPANY®

null / ALL
Transmittal Number: 14567144
Date Processed: 12/14/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael Barker<br>Cintas Corporation<br>6800 Cintas Blvd.<br>Mason, OH 45040 |

| | |
|---|---|
| **Entity:** | Cintas Corporation<br>Entity ID Number 3171937 |
| **Entity Served:** | Cintas Corporation |
| **Title of Action:** | K-Tex, LLC vs. Cintas Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | New York County Supreme Court, New York |
| **Case/Reference No:** | 652831/15 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 12/11/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Benjamin Suess<br>212-986-4888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

K-TEX, LLC,

Plaintiff,

-against-

CINTAS CORPORATION,

Defendant.

Index No. 652831/15

SUMMONS

To: Cintas Corporation
141 West 36th Street
Suite 901
New York, New York 10018

Corporation Service Company
80 State Street
Albany, New York, 12207-2543

To the above-named defendant:

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is defendant's residence/place of doing business pursuant to CPLR 503(c).

Dated: New York, New York
August 14, 2015

SCHRADER & SCHOENBERG, LLP
Attorneys for Plaintiff

By: [signature]

Benjamin Suess, Esq.
711 Third Avenue, Suite 1803
New York, New York 10017
(212) 986-4888

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

K-TEX, LLC,

Plaintiff,

-against-

CINTAS CORPORATION,

Defendant.

Index No. 652831/15

**COMPLAINT**

Plaintiff, K-Tex, LLC ("K-Tex"), by and through its attorneys Schrader and Schoenberg, LLP, alleges for its complaint against the defendant as follows:

**Introduction**

1. This is an action for breach of contract arising from the defendant's failure to pay for goods sold and delivered.

**Parties**

2. Plaintiff K-Tex, LLC, a Nevada Corporation, is in the business of selling, among other things, fiber and industrial textiles. K-Tex's principal place of business is located at 6547 Corsica Drive, Memphis, Tennessee. Through the relevant time periods of the sales at issue in this case, K-Tex maintained a business office located at 711 Third Avenue, 18th Floor, New York, New York.

3. Defendant Cintas Corporation, a Washington State Corporation, is in the business of, among other things, the purchase and sale of cleaning supplies and textile products with its principal place of business located at 6800 Cintas Blvd., Mason, Ohio. Cintas maintains a business office in New York at 141 West 36th Street, Suite 901, New York, New York and regularly conducts business within the State of New York.

## FACTS COMMON TO ALL COUNTS

4. From in or about July 2010 through December 2010, the defendant purchased textile products, including among other things Aprons, Towels and Fender Covers from plaintiff.

5. In connection with requesting goods, the defendant agreed in advance to pay a fixed price to the plaintiff for the goods and agreed that payment would be made for all items purchased within 30 days.

6. Plaintiff delivered the requested goods which were accepted and received by the defendant.

7. The defendant acknowledged receipt of the goods, and upon information and belief, has resold the goods.

8. The defendant was subsequently invoiced in connection with the shipment received and failed to pay the balance owing in the amount of approximately $1,000,000 in a specific amount to be proven at trial.

9. Plaintiff is owed from the defendant the sum of approximately $1,000,000 plus interest at the rate of 18 percent.

10. The defendant also owes the plaintiff its attorneys' fees and collection costs which were agreed to be paid as part of the standard terms and conditions of the purchase. Based upon the contingency arrangement for this collection matter, defendant owes an additional 33 and 1/3 percent.

11. Despite that the goods were provided to defendant, the balance owing remains unpaid to plaintiff and unpaid by the defendant in the total amount of approximately $1,000,000.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

12. Plaintiff repeats and realleges each of the allegations set forth above as if set forth at length herein.

13. Plaintiff entered into an agreement with defendant for the sale of certain goods.

14. Pursuant to the aforesaid agreement, plaintiff performed its obligations under the contract and delivered the goods ordered by the defendant satisfying its obligations under the contract.

15. Despite that plaintiff performed all of its agreed obligations under the agreement, defendant breached the agreement and failed to pay for the goods delivered, thus causing financial injury to the plaintiff.

16. Despite demand, defendants have refused and failed to pay the amount owing to plaintiff.

17. There remains due and owing from defendants the sum of approximately $1,000,000 (plus interest and collection costs) for the goods delivered, for which payment, despite demand, has not been made by defendant. The total sum due and owing is approximately $1,000,000 plus accrued interest.

WHEREFORE, plaintiff demands judgment against defendant, for compensatory damages, plus pre-judgment interest and collection costs, and such other and further relief as this Court may deem just and proper, in an amount of approximately $1,000,000 plus interest at 18 percent.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

18. Plaintiff hereby repeats and realleges each of the allegations set forth above as if set forth at length.

19. The goods provided to defendant by plaintiff were provided with the full understanding that defendant would pay the invoice for such goods provided by the plaintiff. This amounted to an extension of credit by plaintiff to defendant.

20. By not paying plaintiff promptly and in full for the goods defendant received, defendant received the full benefit of plaintiff's performance without performing in return.

21. Plaintiff has made demands of defendant for payment, but defendant has failed and refused to pay the amount of credit extended by plaintiff (and goods delivered) on their behalf.

22. Plaintiff reasonably expected full remuneration for the goods delivered, and the performance of such services conferred a benefit upon defendant.

23. Since the failure to compensate plaintiff enriched defendant beyond their entitlement, and without payment for said services performed, defendant's aforesaid conduct constitutes unjust enrichment.

WHEREFORE, plaintiff demands judgment against defendant, for compensatory damages, plus pre-judgment interest and collection costs, and such other and further relief as this Court may deem just and proper, in an amount of approximately $1,000,000 plus interest at 18% plus costs of collection.

**THIRD CAUSE OF ACTION**
**(Promissory Estoppel)**

24. Plaintiff hereby repeats and realleges each of the allegations set forth above as if set forth at length herein.

25. Defendant made promises to pay plaintiff, which were clear and unambiguous in their terms.

26. Said promises were reasonably relied upon by plaintiff to its detriment, and formed the basis of further extensions of credit.

27. Such reliance was foreseeable to defendant.

28. Plaintiff was damaged as a result of said reliance.

WHEREFORE, plaintiff demands judgment against defendant, for compensatory damages, plus pre-judgment interest and collection costs, and such other and further relief as this Court may deem just and proper, in an amount of approximately $1,000,000 plus interest at 18% plus costs of collection.

**FOURTH CAUSE OF ACTION**
**(Quantum Meruit)**

29. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth at length herein.

30. Plaintiff provided goods to defendant for which it was never paid or otherwise compensated.

31. These goods were provided to the defendant for the benefit of defendant, who did indeed receive the benefit of said goods.

32. The actual benefit conferred on defendant was in excess of approximately $1,000,000.

33. Demand has been made of defendant for payment of the goods delivered, but defendant has failed and refused to compensate plaintiff therefore.

34. Defendant has therefore been unjustly enriched to plaintiff's detriment and at plaintiff's expense.

WHEREFORE, plaintiff demands judgment against defendant, for compensatory damages, plus pre-judgment interest and collection costs, and such other and further relief as this Court may deem just and proper, in an amount of approximately $1,000,000 plus interest at 18% plus costs of collection.

**FIFTH CAUSE OF ACTION**
**(Account Stated)**

35. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth at length herein.

36. Invoices duly rendered and accounts stated by plaintiff to defendant show a balance due and owing by defendants to plaintiff in the sum of approximately $1,000,000 and as otherwise reflected in the invoices sent to defendant, and as set forth in the applicable terms and conditions, including additionally interest and costs of collection.

37. Despite demand, such sum has not been paid.

WHEREFORE plaintiff demands judgment against defendant, for compensatory damages, plus pre-judgment interest and collection costs, and such other and further relief as this Court may deem just and proper, in an amount of approximately $1,000,000 plus interest at 18 percent.

Dated: New York, New York
August 14, 2015

Respectfully submitted,

SCHRADER & SCHOENBERG, LLP
Attorneys for Plaintiff

By: ______________________
Benjamin Suess, Esq.
711 Third Avenue, Suite 1803
New York, New York 10017
(212) 986-4888





# NYSCEF - New York County Supreme Court



## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**K-Tex, LLC - v. - Cintas Corporation**

**Index Number NOT assigned**

## Documents Received on 08/14/2015 02:33 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT<br>Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name: BENJAMIN SUESS
Phone #: 212-986-4888
Fax #:
E-mail Address: benjamin@schradschoen.com
Work Address: 711 3rd Avenue
Suite 1803
New York, NY 10017

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 08/14/2015 02:33 PM:

SUESS, BENJAMIN - benjamin@schradschoen.com

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956 Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033 Fax: (212) 401-9146 Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

K-TEX, LLC,

Plaintiff,

-against-

CINTAS CORPORATION,

Defendant.

---

Index No. 652831/15

**CONSENT TO CHANGE ATTORNEY**

**IT IS HEREBY CONSENTED THAT,** Moritt Hock & Hamroff, LLP be substituted as incoming attorneys of record for Plaintiff K-Tex, LLC ("client"), in the above-entitled action in place and stead of the outgoing attorney as of the date hereof. Facsimile and/or electronic signatures may be deemed originals for all purposes herein.

Dated: New York, New York
December 10, 2015

SCHRADER & SCHOENBERG, LLP

By: ______________________

David A. Schrader, Esq.
Outgoing Attorney for K-Tex, LLC
711 Third Ave., Suite 1803
New York, New York 10017
(212) 986-4888

MORITT HOCK & HAMROFF LLP

By: ______________________

David A. Schrader, Esq.
Incoming Attorney for K-Tex, LLC
450 Seventh Ave., 15th Floor
New York, New York 10123
(212) 239-2000



# NYSCEF - New York County Supreme Court
## Confirmation Notice



This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

K-Tex, LLC - v. - Cintas Corporation

652831/2015

### Documents Received on 12/10/2015 12:28 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 2 | CONSENT TO CHANGE ATTORNEY (PRE RJI)<br>Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

### Filing User

Name: DAVID ALAN SCHRADER
Phone #: (212) 239-2000 E-mail Address: dschrader@moritthock.com
Fax #: Work Address: 450 Seventh Avenue, Suite 1504
New York, NY 10123

### E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 12/10/2015 12:28 PM:

SCHRADER, DAVID ALAN - dschrader@moritthock.com

SUESS, BENJAMIN - benjamin@schradschoen.com

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956 Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033 Fax: (212) 401-9146 Website: www.nycourts.gov/efile



# NYSCEF - New York County Supreme Court
# Confirmation Notice



This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**K-Tex, LLC - v. - Cintas Corporation**

**652831/2015**

## Documents Received on 12/16/2015 12:40 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name: DAVID ALAN SCHRADER
Phone #: (212) 239-2000 E-mail Address: dschrader@moritthock.com
Fax #: Work Address: 450 Seventh Avenue, Suite 1504
New York, NY 10123

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 12/16/2015 12:40 PM:

SCHRADER, DAVID ALAN - dschrader@moritthock.com

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956 Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033 Fax: (212) 401-9146 Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------x

K-TEX, LLC

Plaintiff/Petitioner,

- against -

Index No. 652831/2015

CINTAS CORPORATION,

Defendant/Respondent.

-----------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 8/14/15

| | |
|---|---|
| ______ Signature | 711 THIRD AVE., SUITE 1803 Address |
| BENJAMIN SUESS, ESQ. Name | NEW YORK, NY 10017 |
| SCHRADER & SCHOENBERG, LLP Firm Name | (212) 986-4888 Phone |
| | RGOLDSTEIN@MORITTHOCK.COM E-Mail |

To: ______

______

______

**DECLARATION OF SERVICE**

I, Michael Sabino, hereby declared that on December 30, 2015, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF system.

I hereby certify that I have served by Federal Express that document to the following counsel of record:

David Schrader
MORITT HOCK & HAMROFF, LLP
450 Seventh Ave., 15th Floor
New York, New York 10123
(212) 239-2000

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

By: ______________________
Michael Sabino

Wall Street Plaza
88 Pine Street
New York, New York 10005
Tel.: (212) 269-4900
*Attorney for Defendant*
*Cintas Corporation*