UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 16-8-HRW

K-TEX, LLC,                                                          PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

CINTAS CORPORATION,                                     DEFENDANT.

This matter is before the Court upon Defendant Cintas Corporation's Motion to Dismiss Plaintiff's Complaint [Docket No. 15-1]. For the treasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and, as such, dismissal is warranted.

I.

This case arises from an alleged contract between the parties. K-Tex contends that Cintas purchased textile products, including among other things, aprons, towels, and fender covers from K-Tex during the period June 2010 through December 2010. [Complaint, Docket No. 1, p.7-13]. K-Tex further alleges that Cintas agreed to pay a fixed price for the goods within 30 days upon receipt of an invoice. *Id.* at ¶ 5. K-Tex states that it delivered the goods that Cintas subsequently failed to pay for the goods. *Id.* at ¶¶ 7-9. Thus, K-Tex maintains that Cintas owes K-Tex over $1,000,000.

Plaintiff originally filed this action in the Supreme Court of the State of New York for New York County. Defendant Cintas removed the case to the corresponding federal court in New York and Judge Shira Scheindlin determined that Kentucky was a more convenient venue for the

parties and transferred the case to this District.

Defendant now seeks dismissal of Plaintiff's Complaint, arguing that the claims asserted by plaintiff are time barred by the Uniform Commercial Code's four year statute of limitations.

## II.

In its Complaint, K-Tex alleges that this case arises out of transactions and contracts for the sale and purchase of goods between July and December 2010. *Id.* at ¶ 4. K-Tex also alleges that payment was due within 30 days of purchase. *Id.* at ¶ 5. Claims relating to the sale of goods that arise under Article 2 of the UCC are subject to a four year statute of limitations. *See* UCC § 2-725(1). At the very **latest**, the statute of limitations for the breach of contract claim relating to the transaction or transactions that are alleged to have occurred in December 2010 would have expired no later than January 2015. Yet, K-Tex did not file its Complaint until August 2015. Therefore, Defendant asserts that K-Tex's breach of contract claims are time barred.

K-Tex argues that, under Kentucky law,  pursuant to KRS § 413.120, the statute of limitations is **five** years, and, as such, its claims against Cintas are timely.

The crux of the issue before this Court is which state's statute of limitations applies with respect the claims alleged in the Complaint. Federal courts sitting in diversity generally apply the law of the state in which they sit. However, there is an exception for cases transferred from one federal district to another for convenience of the parties and witnesses under 28 U.S.C. §1404 (a). Under these circumstances, the Supreme Court has held that when a case is transferred, the transferee court must apply the law of the transferor forum. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). The Supreme Court further clarified that it does not matter whether the transfer was

2

initiated by the plaintiff or the defendant. *Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990) ("we again conclude that the transferor law should apply regardless of who makes the §1404 (a) motion"). Thus, the Supreme Court made clear that the transferor's "choice of law rule attaches when and where the plaintiff files her complaint *and then travels with the case.*" *In re Dow Corning Corp.*, 778 F.3d 545, 549(6th Cir. 2015) (emphasis added).

In this case, K-Tex originally filed this action in New York state court, and Cintas later removed the action to federal court. Although Cintas was subject to personal jurisdiction in New York, Cintas moved to transfer venue to this Court for the convenience of the parties and witnesses, as this case involves the sale of goods to a Cintas distribution facility in this District. Judge Shira Scheindlin of the Southern District of New York issued an Order transferring this case to this Court as a more convenient venue pursuant to § 1404(a).  Accordingly, New York's statute of limitations, in this case, four years, applies with respect to each of the claims alleged in the Complaint.

As Defendant points out, there is a certain irony in K-Tex's insistence that Kentucky law applies.  K-Tex instigated this lawsuit in New York, and now wishes to  avoid application of New York's statute of limitations and take advantage of Kentucky's arguably more favorable statute of limitations.   Unfortunately, K-Tex may not have its cake and eat it as well.

### III.

As this case was transferred pursuant to 28 USC § 1404(a), this Court must apply New York's four year statute of limitations to K-Tex's claims and it is clear that they are time barred. Accordingly, **IT IS HEREBY ORDERED** Defendant Cintas Corporation's Motion to Dismiss Plaintiff's Complaint [Docket No. 15-1] be **SUSTAINED** and this matter **DISMISSED WITH**

3

**PREJUDICE** and **STRICKEN** from the docket of this Court.

This 19th day of August, 2016.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge

4